## McLoughlin v. Moore

*Clarence M. Freedman*, for plaintiff.

*LaBrum & Doak*, for defendant.

ALESSANDRONI, P. J., December 6, 1956.—Plaintiff, a pedestrian, was injured when struck by defendant's automobile; he instituted suit for damages. Defendant proceeded under the discovery rules and ordered plaintiff's oral deposition taken. Plaintiff appeared and upon advice of counsel, refused to answer certain questions as to his version of the accident, and, more specifically, his observations made prior to or during his crossing of the street; he also refused to state the manner in which the accident occurred, the speed and relative positions of automobiles and other facts material to the rights of the parties. Defendant filed a petition to compel plaintiff to answer and for sanctions of counsel fee and costs.

The scope of discovery is determined by the procedural rules. Pa. R. C. P. 4007 (*a*) provides two standards for determining the permissible area of discovery subject only to the limitations of rule 4011. These standards are relevancy and substantial aid in the preparation of the pleadings or the preparation or trial of the case. Plaintiff in effect admits that both standards are met but denies the effect of the language because it is said that the rules prohibit using discovery to obtain a "script for trial".

Prior to the 1954 amendments, rule 4011 contained a specific limitation against discovery to obtain facts which were within the knowledge of the party utilizing the discovery proceedings: Pa. R. C. P. 4011 (*c*) (3). Under this provision a storekeeper could obtain no facts about the condition of his premises from a plaintiff who was injured by a fall therein: Singer v. Kitty Kelly Market Street Corp., 81 D. & C. 383. A party to a collision between two automobiles could not obtain the other party's version of the accident: Franco v. Riddle, 86 D. & C. 79.

Defendant's attempt to obtain plaintiff's version of an accident together with plaintiff's actions and observations was denied in Stacey v. Grosso, 85 D. & C. 540; similarly in Pollock v. Simon, 85 D. & C. 118. The latter case specifically cited the language of this court in Singer v. Kitty Kelly, etc., supra, which warned against "trial by deposition".

All of the foregoing cases were decided prior to the recent amendments to the discovery rules which became effective July 1, 1954. Thus in Zeldin v. Penn Fruit Co., 89 D. & C. 313, plaintiff was required to answer questions concerning her version of the accident. In Kulbacki v. Seybold, 4 D. & C. 2d 330, the court held that the prohibition against obtaining a "script for trial" still obtained despite the liberalization of the discovery rules.

However, in that case the court held that the complaint was so specific as to details of fact and negligence that no further facts could be obtained by deposition. The "script for trial" language was unfortunate because 4011(e) was available to bar the questioning, i.e. an *unreasonable* investigation of a party to the action. A finding of unreasonableness could be made where the answers to the questions asked are already in the possession of the inquiring party.

Some of the limits of discovery are set forth in Robbins, etc. v. Lashner, 1 D. & C. 2d 302. In that case the court refused to compel defendants to answer questions concerning a promise which plaintiff had alleged in the complaint and defendant had denied in the answer. Analytically it would appear that questions of this type are within the unreasonable scope of limitation of 4011(e).

The purpose of discovery is to expedite litigation; its intent is not to provide an intermediate arena for jousting between pleading and trial. In our opinion whether our rules are as liberal as the Federal court

rules is of little moment. We are not unmindful of the comment in 5 Anderson Pa. Civ. Prac. 1956, Pocket Part 49, that "neither party may obtain a script for the trial from the adverse party".

However, in spite of the comments on all sides that discovery in Pennsylvania is not unlimited, which must be conceded, full effect must be given the language of the rules, subject only to the limitations expressly prescribed. Thus, rule 4007 provides two broad requirements, "relevancy" and "substantial aid". These broad standards are circumscribed by express limitations. Any question may be asked which does not violate one of the limitations. The courts will be alert to enforce the limitations, particularly those that proscribe unreasonable investigation.

It is noteworthy that where discovery is attempted which violates one of the limitations the courts have not hesitated to issue the proper protective order. See Shohola Feed & Grain Co. v. Hayden, 5 D. & C. 2d 62, Pa. R. C. P. 4011(d), evidence in contemplation of litigation; Berlin v. Brody, 4 D. & C. 2d 173, Pa. R. C. P. 4011(e), unreasonable investigation; Silverstein v. Kreitzer, 6 D. & C. 2d 259, Pa. R. C. P. 4007(a), information sought was not relevant.

The proper approach seems to be that which the court indicated in Bealla v. Zuba, 4 D. & C. 2d 545, that the party resisting discovery must establish facts indicating violation of one of the limitations of rule 4011. See also Eisenberg v. Penn Traffic Co., 6 D. & C. 2d 364.

We may therefore conclude that unless the party resisting discovery can establish a violation of the limitations of rule 4011, he must answer all questions which are relevant and afford substantial aid.

The request for sanctions cannot be granted. We do not impose sanctions because plaintiff's refusal was

not without an element of reasonable justification. Sanctions being penal in nature, there should be a showing that the refusal to answer was unreasonable, arbitrary or willful. However, as the rules are clarified by interpretation, counsel will be well advised to act prudently when instructing clients, in the face of possible penalties.

### Order

And now, to wit, this December 6, 1956, plaintiff is directed to answer the questions propounded in accordance with this opinion.